**No. 26-2892**

*In the*

# United States Court of Appeals

*for the*

# Ninth Circuit

---

WINSTON TAYLOR LLP,

*Appellant*,

– v. –

APPLE INC.,

*Defendant-Appellee.*

---

On appeal from a final judgment of the
United States District Court for the Northern District of California
Case No. 5:24-cv-6920 (District Judge Eumi K. Lee)

---

**APPELLANT'S EXCERPTS OF RECORD**
**VOLUME 1 OF 3**

---

JEFF WILKERSON
*Winston Taylor LLP*
*300 S. Tryon Street*
*Charlotte, NC 28202*
*(704) 350-7700*

MICHAEL B. KIMBERLY
*Winston Taylor LLP*
*1901 L Street NW*
*Washington, DC 20036*
*(202) 282-5000*

*Counsel for Appellant*
*Winston Taylor LLP*

Jennifer A. Golinveaux, SBN 203056
Samantha K. Looker, SBN 340564
WINSTON & STRAWN LLP
101 California Street, 35th Floor
San Francisco, CA 94111
Telephone: (415) 591-1000
*jgolinveaux@winston.com*
*slooker@winston.com*

Jeff Wilkerson, SBN 284044
WINSTON & STRAWN LLP
300 South Tryon Street, 16th Floor
Charlotte, NC 28202
Telephone: (704) 350-7700
*jwilkerson@winston.com*

*Attorneys for Plaintiff Musi Inc.*

Chris Johnstone, SBN 242152
WILMER CUTLER PICKERING
HALE AND DORR LLP
2600 El Camino Real, Suite 400
Palo Alto, CA 94306
Telephone: (650) 858-6000
*chris.johnstone@wilmerhale.com*

Jennifer Milici (*pro hac vice*)
WILMER CUTLER PICKERING
HALE AND DORR LLP
2100 Pennsylvania Avenue, NW
Washington, DC 20037
Telephone: (202) 663-6000
*jennifer.milici@wilmerhale.com*

Mark A. Ford (*pro hac vice*)
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
*mark.ford@wilmerhale.com*

*Attorneys for Defendant Apple Inc.*

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| MUSI INC.,<br><br>Plaintiff,<br><br>v.<br><br>APPLE INC.,<br><br>Defendant. | Case No. 5:24-cv-06920-EKL<br><br>**STIPULATION AND [~~PROPOSED~~] ORDER FOR ENTRY OF AGREED UPON AMOUNT OF FEE AND EXPENSE AWARD AND STAY OF AWARD PENDING APPEAL**<br><br>Judge: The Honorable Eumi K. Lee |

Pursuant to the Court's March 16, 2026 Order (Dkt. 97, the "Order"), Plaintiff Musi Inc. ("Musi") and Defendant Apple Inc. ("Apple") (collectively, the "Parties") hereby stipulate (but expressly without any agreement by Musi, its attorneys, or Winston & Strawn LLP that an award of fees was justified) (1) to the agreed amount of $183,895.50 as the amount reasonably incurred by Apple in connection with litigating its Rule 11 motion (2) that the amount of the award contemplated in this Stipulation is consistent with the terms of Order and (3) to a stay of any obligation to pay that award pending an anticipated appeal of the Order, as follows:

WHEREAS, the Parties met and conferred on April 7, 2026, to discuss Apple's reasonable attorneys' fees and costs incurred in connection with litigating its Rule 11 motion;

WHEREAS, the Parties stipulate and agree that an award of $183,895.50 represents the attorneys' fees and costs incurred by Apple in connection with litigation of its Rule 11 motion that the Order held would be awarded;

WHEREAS, the Parties anticipate that Musi and/or Winston & Strawn LLP will appeal the Court's Order, and stipulate and agree that it is appropriate to stay any enforcement or payment of the Court's anticipated award pending any appeal of the Order, and, specifically, until 14 days after either the Order is affirmed on appeal or the time to appeal expires.

**IT IS SO STIPULATED.**

Dated: April 15, 2026

WINSTON & STRAWN LLP

By: */s/ Jennifer A. Golinveaux*

Jennifer A. Golinveaux, SBN 203056
Samantha K. Looker, SBN 340564
WINSTON & STRAWN LLP
101 California Street, 35th Floor
San Francisco, CA 94111
Telephone: (415) 591-1000
*jgolinveaux@winston.com*
*slooker@winston.com*

Jeff Wilkerson, SBN 284044
WINSTON & STRAWN LLP
300 South Tryon Street, 16th Floor
Charlotte, NC 28202
Telephone: (704) 350-7700
*jwilkerson@winston.com*

Dated: April 15, 2026

*Attorneys for Plaintiff Musi Inc.*

WILMER CUTLER PICKERING
HALE AND DORR LLP

By: */s/ Mark Ford*

Chris Johnstone, SBN 242152
WILMER CUTLER PICKERING
HALE AND DORR LLP
2600 El Camino Real, Suite 400
Palo Alto, CA 94306
Telephone: (650) 858-6000
*chris.johnstone@wilmerhale.com*

Jennifer Milici (*pro hac vice*)
WILMER CUTLER PICKERING
HALE AND DORR LLP
2100 Pennsylvania Avenue, NW
Washington, DC 20037
Telephone: (202) 663-6000
*jennifer.milici@wilmerhale.com*

Mark Ford (*pro hac vice*)
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
*mark.ford@wilmerhale.com*

*Attorneys for Defendant Apple Inc.*

**~~[PROPOSED]~~ ORDER**

Having considered the Parties' Stipulation, it is hereby ordered that the Parties' Stipulation for Entry of Agreed Upon Amount of Fee and Expense Award and Stay of Award Pending Appeal is hereby granted. The Court awards Apple fees and costs in the amount of $183,895.50 and stays enforcement or payment of this award pending any appeal of the Order and until 14 days after either the Order is affirmed on appeal or the time to appeal expires.

**PURSUANT TO STIPULATION, IT IS SO ORDERED**.

Dated April 15, 2026

By: ______________________
Hon. Eumi K. Lee
United States District Judge

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MUSI INC.,

Plaintiff,

v.

APPLE INC.,

Defendant.

Case No. 24-cv-06920-EKL

**JUDGMENT**

Re: Dkt. No. 96

On March 16, 2026, the Court granted Defendant's motion to dismiss this action with prejudice. Pursuant to Federal Rule of Civil Procedure 58, the Court hereby ENTERS judgment in favor of Defendant and against Plaintiff. Plaintiff shall take nothing by the complaint herein.

The Clerk of Court shall close the file in this matter.

**IT IS SO ORDERED.**

Dated: April 1, 2026

EUMI K. LEE
United States District Judge

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MUSI INC.,<br>Plaintiff,<br>v.<br>APPLE INC.,<br>Defendant. | Case No. 24-cv-06920-EKL<br><br>**ORDER GRANTING IN PART MOTION FOR RULE 11 SANCTIONS**<br><br>Re: Dkt. Nos. 79, 83 |

When Plaintiff Musi Inc. initiated this action, it claimed that Defendant Apple Inc. removed its music streaming application from the Apple App Store based upon "an unsubstantiated third-party complaint" that the application infringed YouTube's intellectual property rights. Compl. ¶¶ 1, 36. Musi moved for a preliminary injunction, which the Court denied because Musi did not raise serious questions going to the merits of its claims for breach of contract and breach of the implied covenant of good faith and fair dealing. Order Denying Prelim. Inj. at 8-15, ECF No. 44 ("PI Order"). The Court terminated Apple's then-pending motion to dismiss and, over Apple's objection, permitted Musi to take two months of expedited discovery before filing an amended complaint. *See* ECF Nos. 36-38.

Compared to its initial complaint, Musi's first amended complaint contains more nefarious allegations of a "backchannel scheme" between Apple and unnamed "music-industry players" to remove the Musi app from the App Store based on "factual claims that Apple *knew* to be false." First Am. Compl. ¶¶ 1, 8-9, ECF No. 67 ("FAC"). To underscore Apple's alleged bad faith, the complaint asserts that Apple "admitted" that it knowingly relied on false evidence. *Id.* ¶ 1. Apple argues that these allegations are so factually baseless that Musi and its counsel, Winston & Strawn LLP, should be sanctioned for making them. *See* Fed. R. Civ. P. 11. Apple requests an order

striking the complaint with prejudice. Not. of Mot. at 1, ECF No. 83 ("Mot."). Apple also seeks to recover its costs and attorneys' fees. *Id*. The Court carefully reviewed the briefs and relevant authority and held a hearing on the motion. Because the Court agrees that this is one of the rare cases in which Rule 11 sanctions are necessary and appropriate, Apple's motion is GRANTED in part.

## I. LEGAL STANDARD

Federal Rule of Civil Procedure 11(b) provides in relevant part that:

> By presenting to the court a pleading, written motion, or other paper . . . an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances . . . . (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery.

If "the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation."[1] Fed. R. Civ. P. 11(c)(1). The sanction "must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated." Fed. R. Civ. P. 11(c)(4).

When the alleged Rule 11 violation relates to a complaint, courts "conduct a two-prong inquiry to determine (1) whether the complaint is legally or factually 'baseless' from an objective perspective, and (2) if the attorney has conducted 'a reasonable and competent inquiry' before signing and filing it." *Christian v. Mattel, Inc.*, 286 F.3d 1118, 1127 (9th Cir. 2002) (quoting *Buster v. Greisen*, 104 F.3d 1186, 1190 (9th Cir. 1997)). As to the first prong, a claim is not baseless if it has "some plausible basis, [even] quite a weak one." *In re Cal. Bail Bond Antitrust Litig.*, 511 F. Supp. 3d 1031, 1053 (N.D. Cal. 2021) (quoting *United Nat'l Ins. Co. v. R&D Latex Corp.*, 242 F.3d 1102, 1117 (9th Cir. 2001)). As to the second prong, "[t]he reasonable inquiry test is meant to assist courts in discovering whether an attorney, after conducting an objectively

[1] Before filing a motion for sanctions, the moving party must comply with Rule 11's safe harbor provision, which provides the responding party 21 days to withdraw or appropriately correct the "challenged paper, claim, defense, contention, or denial." Fed. R. Civ. P. 11(c)(2). It is undisputed that Apple satisfied this requirement. *See* Mot. at 4.

reasonable inquiry into the facts and law, would have found the complaint to be well-founded." *Holgate v. Baldwin*, 425 F.3d 671, 677 (9th Cir. 2005) (citing *Christian*, 286 F.3d at 1127).

## II. DISCUSSION

Musi advances two causes of action in this case – both premised on Apple's allegedly improper removal of the Musi app from the App Store. First, Musi claims that Apple breached its Developer Program License Agreement ("DPLA") because "Apple had no reasonable basis to believe" that the Musi app infringes third party intellectual property rights. FAC ¶¶ 67-70. Second, Musi claims that Apple breached the covenant of good faith and fair dealing because it removed the Musi app "on the basis of a complaint that Apple not only proactively sought out at the behest of the music industry, but that Apple knew to be based on an allegation that was false." *Id.* ¶ 63; *see also id.* ¶ 64 (alleging that "Apple knew that the basis of the complaint was false").

Apple challenges three allegations that serve as the foundation of Musi's complaint. First, Musi claims that Apple relied on evidence provided by the National Music Publishers Association ("NMPA") to justify removing the Musi app, but "Apple *knew* that this 'evidence' was false, as it has since admitted." *Id.* ¶ 1. This allegation is critical to Musi's claim that Apple acted in bad faith. *E.g., id.* ¶ 58 ("Apple's decision was made in bad faith, given that it knew that there was no basis for the claim that Musi was violating YouTube's API Terms of Service[.]"). Second, Musi alleges that "Apple proactively reached out to YouTube and, in a series of phone calls in June and July 2024, solicited YouTube to resurrect" an old complaint against Musi that had already been closed. *Id.* ¶ 8. This allegation is important because it suggests that Apple's claimed reason for removing the Musi app was pretextual. *See id.* ¶¶ 8, 11, 44-45. Third, Musi alleges that "several music-industry entities had filed complaints with Apple regarding the Musi app, but those complaints were ultimately closed when Musi substantively responded." *Id.* ¶ 7. The purpose of this allegation is to underscore that Apple acted in bad faith because Musi was "fully compliant" with the terms of the DPLA and resolved complaints when they were raised. *See id.* ¶ 64.

Musi's complaint is not the paradigm of candor. *See R&D Latex Corp.*, 242 F.3d at 1117 ("Candor usually goes farther than contrivance in constructing a convincing argument."). The complaint gives misleading impressions and stretches the limits of vigorous advocacy. However,

United States District Court
Northern District of California

the Court finds that only the first allegation – that Apple "admitted" that it relied on false evidence – is so factually baseless that it violates Rule 11. The Court addresses each allegation in turn, then discusses the appropriate sanctions.

**A. Apple's supposed admission regarding "false" evidence**

Musi alleges that Apple knowingly relied on false evidence from the NMPA to support removal of the Musi app from the App Store. FAC ¶ 1. Musi's theory is convoluted and requires some unpacking. The first premise is that YouTube's complaint against the Musi app was based on a violation of its API Terms of Service, rather than other terms of service. The second premise is that Musi could not have violated these terms because Musi did not use YouTube's application programming interface ("API"). *See, e.g.*, FAC ¶ 52b ("Musi does not . . . rely on or access the API (and therefore, Musi is not subject to the API Terms of Service)."). The third premise is that Apple knew that Musi did not use YouTube's API based on an email from Sony Music Entertainment. *Id.* ¶¶ 11, 44, 46 ("Apple knew that Musi did not (and apparently, could not) access YouTube's API."); *see also* Mot. at 7. Thus, because Apple knew that Musi did not use YouTube's API, and the NMPA letter accused Musi of using YouTube's API, Apple must have known that the claims in the NMPA letter were false.

Musi's theory is highly attenuated for several reasons. First, it is not clear that YouTube was complaining *solely* about Musi's violation of its API Terms of Service, as Musi assumes. Second, the email from Sony does not state that Musi stopped using YouTube's API. Instead, it states that Sony "worked with YouTube to remove API access from Musi, but the app finds ways to access [Sony's] content through technological means that are more difficult for Google to action." Golinveaux Decl. Ex. 8 at APL-MUSI_00017955, ECF No. 86-9; *see also* Golinveaux Decl. Ex. 7 at 111:5-15, ECF No. 86-8. Third, Sony's email does not establish that Apple "knew" that the evidence offered by the NMPA was false. Instead, Musi ***infers*** Apple's knowledge based on an assumption that the Sony email was inconsistent with the detailed evidence offered by the NMPA. *See* Milici Mot. to Dismiss Ex. 4 at 4, ECF No. 68-8. But even if Apple possessed two pieces of inconsistent evidence, it does not follow that Apple "knew" one to be false. Apple may have credited one piece of evidence over the other, or it may have determined that the presence of

***some*** evidence of intellectual property infringement was sufficient to remove the Musi app from the App Store.

There is no doubt that Musi's theory is tenuous: It requires several inferential steps, and not one of them is directly supported by facts uncovered in discovery. But the focus of Rule 11 is objective baselessness, not sufficiency of the evidence. Moreover, at the pleading stage, "leeway should be given to make allegations relating to an opposing party's knowledge, purpose, or intent." *Townsend v. Holman Consulting Corp.*, 929 F.2d 1358, 1364 (9th Cir. 1990) (en banc). Thus, although Musi's allegations about Apple's knowledge are speculative, they do not quite violate Rule 11.

However, Musi's amended complaint went beyond alleging a tenuous and convoluted theory of liability. Musi presented its theory as undisputed fact by alleging that Apple *endorsed* it through an admission. Specifically, Musi alleges that "Apple *knew* that [the NMPA] 'evidence' was false, *as it has since admitted*." FAC ¶ 1 (emphasis added). This assertion is factually baseless because Musi has not identified any such admission by Apple. *Truesdell v. S. Cal. Permanente Med. Grp.*, 293 F.3d 1146, 1153 (9th Cir. 2002). It was particularly misleading to make such an incriminating allegation because Musi took two months of expedited discovery before filing the amended complaint. Claiming that Apple "admitted" that it knowingly relied on false evidence conveys that discovery yielded damning evidence – but it did not. Moreover, this allegation appears in the first paragraph of the complaint, and it materially misrepresents facts "at the heart of this lawsuit." Hr'g Tr. 21:14-25, ECF No. 95. Absent an actual admission by Apple, Musi's allegation is "inaccurate and misleading." *Rattagan v. Uber Techs., Inc.*, No. 19-cv-01988-EMC, 2019 WL 3891714, at *4 (N.D. Cal. Aug. 19, 2019).

The Court also finds that "an attorney, after conducting an objectively reasonable inquiry into the facts and law," would not have found this allegation to be well-founded. *Holgate*, 425 F.3d at 677. Musi's counsel "had access to all the evidence" obtained in discovery, "and they should have been aware that the evidence did not support" a claim that Apple admitted that it knowingly relied on false evidence. *Rattagan*, 2019 WL 3891714, at *4. Musi's defense of its baseless accusation is unpersuasive. Musi relies on deposition testimony from an Apple witness –

United States District Court
Northern District of California

but the testimony merely states that Apple received an email. Hr'g Tr. 19:5-21:13, 24:4-14. Admitting to receiving an email is materially different from admitting to Musi's *conclusion* from the email – that Apple knowingly relied on false evidence. After taking two months of discovery, including deposing Apple witnesses and reviewing Apple documents, Winston & Strawn was not at liberty to make up facts to fill the perceived gaps in Musi's case.

Accordingly, the Court finds that Musi's counsel violated Rule 11 because it was factually baseless to allege that Apple "admitted" that evidence from the NMPA regarding Musi's intellectual property infringement was false, or that Apple knew that the evidence was false.

**B. Apple's outreach to YouTube**

The first amended complaint alleges that Apple "proactively reached out to YouTube" to "cook up a supposed reason to remove the Musi app" from the App Store. FAC ¶ 8. Musi claims that, "in a series of phone calls in June and July 2024, [Apple] solicited YouTube to resurrect" an old complaint against Musi that had been "closed for YouTube's total unresponsiveness." *Id.* When Apple reached out, Apple's "contacts at YouTube had no idea what Apple was talking about." *Id.* ¶ 46. According to Musi, Apple had to "remind[]" YouTube about the complaint, and during the July 2024 call, "asked YouTube to send [Apple] a message reopening its prior complaint." *Id.* The purpose and effect of these allegations is to convey that Apple took the unusual step of proactively resuscitating a complaint that YouTube abandoned – and could not even remember – as pretext for removing the Musi app. Apple argues that this narrative is misleading for two reasons.

First, Apple argues that it is misleading to suggest that YouTube had "no idea what Apple was talking about." Reply at 3-4, ECF No. 88. Musi's allegations are supposedly based on testimony from an Apple employee (Ms. Singh) who set up a call with YouTube's legal team to discuss YouTube's complaint. *See* Opp. at 5, ECF No. 86 ("Opp."). The person whom Ms. Singh contacted to set up the call "did not indicate that he was familiar with Musi" and "wasn't aware of a complaint." Golinveaux Decl. Ex. 3, Singh Tr. 76:11-22, 83:4-14, ECF No. 86-4.[2] But

---

[2] The Court notes that Musi misleadingly quotes from Ms. Singh's deposition transcript to argue that the YouTube employee was "unaware of Musi itself." Opp. at 5. Musi's brief omits the

United States District Court
Northern District of California

YouTube's *legal team* was familiar with the complaint, and they wanted to pursue it. *See, e.g.*, Milici Decl. Ex. 6, ECF No. 83-8 (reflecting that YouTube had "[n]o intent to abandon or close" the complaint against Musi); *see also* Milici Decl. Ex. 8 at 102:23-25, ECF No. 83-10.

The Court agrees that it was misleading to state that Apple's "contacts at YouTube" were unfamiliar with YouTube's complaint against Musi. This allegation did not accurately represent the facts Musi had learned in discovery prior to amending its complaint. Musi points out that, technically, it did not claim that "no one at YouTube *ever* knew anything" about YouTube's complaint. Opp. at 5. This sophistry misses the point. The clear purpose of Musi's allegation is to convey that the *relevant decision-makers* at YouTube could not remember and were not interested in pursuing the complaint against YouTube. Nonetheless, because Musi's allegation has some factual basis – *i.e.*, one of Apple's "contacts" at YouTube was unaware of the complaint – it falls short of a Rule 11 violation.

Second, Apple argues that Musi has no factual basis to allege that Apple "solicited" the complaint from YouTube. Indeed, Musi's allegation appears to be based on supposition, not facts. It is true that Apple reached out to YouTube from May to July 2024, thus it would be fair to say that Apple initiated talks with YouTube regarding the Musi complaint. But Musi has not presented any factual support for its claim that Apple "solicited" a particular outcome, or that Apple took any position regarding whether YouTube should pursue its complaint.

Musi argues that other allegations in the complaint support an *inference* that Apple asked YouTube to reopen its complaint. Musi alleges that Apple "was facing mounting pressure from the music industry" given the numerous complaints made against the Musi app. FAC ¶¶ 6-7. Under Musi's theory, Apple "solicited" YouTube in response to this pressure to "appease its friends in the music industry." *Id.* ¶ 8. There is some basis for Musi's allegation that Apple was facing pressure to respond to complaints against the Musi app. As discussed below and in the preliminary injunction proceedings, Apple received many complaints about the Musi app, and

---

actual question Ms. Singh answered and instead misrepresents that Ms. Singh answered a *previous* question that was compound and called for speculation. *See* Singh Tr. 76:11-22. Testimony should never be misrepresented in this fashion, but it was an especially poor choice to do so in opposing a Rule 11 motion.

Musi did not resolve all of them. Thus, although Musi's inference is speculative, the Court cannot conclude that it is objectively baseless.

In sum, although Musi's allegations contort and overstate the facts learned in discovery, they are not so factually baseless that they violate Rule 11.

**C. Misleading omissions regarding other complaints**

Apple argues that Musi "makes false allegations and material omissions, intended to suggest that no other complaints were pending at the time Musi's app was removed from the App Store." Mot. at 8. Specifically, Musi alleges that "several music-industry entities had filed complaints with Apple regarding the Musi app, but those complaints were ultimately closed when Musi substantively responded, either by making changes to the Musi app or by showing that these complaints were without factual or legal basis." FAC ¶ 7. Apple claims that this allegation was false or misleading because there were at least three active complaints to Apple at the time the Musi app was removed. Mot. at 8. One long-running complaint was submitted by the International Federation of the Phonographic Industry ("IFPI"). *See* PI Order at 3-4, 12-13. Winston & Strawn was aware of the IFPI complaint because it also represented Musi in that dispute.[3] *See, e.g.*, Evan-Karimian Decl. Ex. 1, ECF No. 30-9.

In reviewing the first amended complaint, the Court was surprised that Musi alleged, without qualification, that other complaints regarding the Musi app were "closed." *See* FAC ¶ 7. By the time Musi amended its complaint, the Court had already found that "Musi did not resolve the IFPI complaints." PI Order at 13. And even now, Musi does not dispute that the IFPI complaint and others were unresolved at the time the Musi app was removed from the App Store. Musi was "not obligated" to allege facts that might undermine its claims. *See* Opp. at 7. But because Musi affirmatively relied upon the ***absence*** of third-party complaints against the Musi app, it was disingenuous to convey that no third-party complaints were pending.

[3] The two other active complaints were submitted by Araldyca and BHMedia. *See* Mot. at 8-9. It appears that Winston & Strawn also represented Musi with respect to at least the Araldyca complaint. *See* Milici Decl. Ex. 3, ECF No. 83-5 (correspondence regarding Araldyca complaint); *id.* Ex. 4, ECF No. 83-6 (correspondence regarding BH Media complaint).

Nonetheless, it is technically correct that Musi never expressly alleged that "there were no other complaints about the Musi app." Opp. at 8. Musi alleged that complaints were filed by "several music-industry entities" and that "those complaints" were closed, without specifying ***which*** complaints or that ***all*** complaints were closed. FAC ¶ 7. Given that many complaints had been brought against the Musi app, it is possible that complaints from "several music-industry entities" had been closed, while others remained open, at the time the Musi app was removed from the App Store. Thus, this allegation is not so factually baseless that it violates Rule 11.[4]

### D. Appropriate sanctions

Usually, the Court is reluctant to issue Rule 11 sanctions. The Court is mindful that it is "the primary duty of an attorney to represent his or her client zealously." *Operating Eng'rs Pension Tr. v. A-C Co.*, 859 F.2d 1336, 1344 (9th Cir. 1988). "Judges therefore should impose sanctions on lawyers for their mode of advocacy only in the most egregious situations, lest lawyers be deterred from vigorous representation of their clients." *See R&D Latex Corp.*, 242 F.3d at 1115. But this is not a case where counsel merely pressed a novel but unsuccessful legal position, or where a lack of factual support became clear in hindsight. Here, Musi had the benefit of two months of discovery to develop a factual basis for its claims in the first amended complaint. Winston & Strawn drafted one of the core allegations in a manner that affirmatively misrepresents facts obtained in discovery to bolster Musi's claim that Apple acted in bad faith. Counsel misled the Court and wasted judicial and party resources to uncover the scope of the misrepresentation. This exceptional conduct is rightly sanctioned. *See id.* ("[N]either the other parties nor the courts should have to abide such behavior or waste time and money coping with it.").

---

[4] Apple points to another example in which Musi misrepresented that it was actively working to resolve a complaint. *See* Mot. at 5-6. In response to a March 2023 complaint from YouTube, Winston & Strawn told Apple that Musi had "been in communication directly with [YouTube] . . . to attempt to resolve any dispute." FAC Ex. C at 3, ECF No. 67-4. The Court agrees that this was misleading because it suggests that Musi was in active communication with YouTube about the March 2023 complaint, when in fact Winston & Strawn was referring to old communications with YouTube from 2021. *See* Opp. at 5 (arguing that Winston & Strawn's emails to Apple "never stated when the letter to YouTube was sent"). However, Rule 11 does not extend to prelitigation correspondence. *Christian*, 286 F.3d at 1121 ("Rule 11 sanctions are limited to misconduct regarding signed pleadings, motions, and other filings."). And when Musi describes these events in the complaint, it states ambiguously that "the parties had been in communication on this issue," FAC ¶ 42, which is less misleading and has some factual basis.

The Court will impose sanctions that match the violation. *See* Fed. R. Civ. P. 11(c)(4). The Court will strike the part of paragraph 1 of the amended complaint that is factually baseless, so the complaint reads: "But Apple *knew* that this 'evidence' was false, ~~as it has since admitted,~~ and it did not disclose this so-called 'evidence' to Musi until this litigation." The Court will not strike the complaint in its entirety. Musi's Rule 11 violation is significant because it relates to one of the most central allegations of the complaint, and it influences how a reader would interpret many other allegations about what Apple supposedly "knew." *See, e.g.*, FAC ¶¶ 1, 9, 48, 52. However, striking the amended complaint in its entirety would be overbroad, as the violation does not pervade the entire complaint. *See* Fed. R. Civ. P. 11 advisory committee's note to 1993 amendment (explaining that one factor to consider is "whether [the improper conduct] infected the entire pleading, or only one particular count or defense").

The Court will also award Apple reasonable attorneys' fees and other expenses related to briefing on the motion for sanctions and the July 30 motion hearing. These fees and costs "directly result[] from the violation," Fed. R. Civ. P. 11(c)(4), and a financial consequence is necessary for deterrence. However, the Court will not award fees or expenses that Apple otherwise incurred – for example, related to the motion to dismiss or discovery – because those costs would have been incurred regardless of the Rule 11 violation.

The award of fees and costs shall be assessed in full against Winston & Strawn. The Court finds that counsel is more directly responsible for the Rule 11 violation, and counsel asked the Court not to sanction Musi directly. Hr'g Tr. 26:14-17.

### E. Musi's request for fees

Musi audaciously requests an award of attorneys' fees for defending against Apple's motion for sanctions. *See* Fed. R. Civ. P. 11(c)(2) ("If warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion."). Musi's request is denied. Musi is not the prevailing party, and Apple's motion has substantial merit for the reasons discussed above. Although the Court did not find that every challenged allegation violates Rule 11, all of Apple's arguments were reasonable. Each allegation that Apple challenged was on the verge of baselessness.

**III. CONCLUSION**

For the foregoing reasons, the Court ORDERS as follows:

(1) Apple's motion for Rule 11 sanctions is GRANTED in part.

(2) Paragraph 1 of the first amended complaint is STRICKEN in part as follows: "But Apple *knew* that this 'evidence' was false, ~~as it has since admitted,~~ and it did not disclose this so-called 'evidence' to Musi until this litigation."

(3) The Court will award Apple reasonable attorneys' fees and costs related to litigating this motion for sanctions as discussed above.

a. Within fourteen days of this Order, Apple shall furnish Musi with its request for attorneys' fees supported by detailed, non-privileged records. The parties shall meet and confer regarding Apple's request.

b. Within 30 days of this Order, the parties shall file a stipulation and proposed order indicating the agreed-upon fee and expense award. Alternatively, if the parties cannot stipulate, by the same deadline, Apple shall file its request for fees and expenses, along with supporting records. Musi may then file objections within seven days of Apple's filing.

c. Within fourteen days of the Court's order on the parties' stipulation or Apple's motion, Winston & Strawn shall pay Apple the assessed fees and costs.

(4) Musi's request for attorneys' fees for defending against the motion is DENIED.

**IT IS SO ORDERED.**

Dated: March 16, 2026



Eumi K. Lee
United States District Judge